**DUKE POWER COMPANY, Petitioner,**

v.

**U.S. DEPARTMENT OF ENERGY, et al., Respondents.**

No. 86–1522.

United States Court of Appeals, District of Columbia Circuit.

Oct. 6, 1987.

Leonard Schaitman and Marc Johnston, Dept. of Justice, Washington, D.C., were on respondents' motion to dismiss.

J. Michael McGarry, III, Washington, D.C., and Steve C. Griffin, Jr., were on petitioner's opposition.

Before STARR and SILBERMAN, Circuit Judges, and McGOWAN, Senior Circuit Judge.

Opinion PER CURIAM.

### ON MOTION TO DISMISS

PER CURIAM:

In this case, Duke Power Company ("Duke") challenges final regulations of the United States Department of Energy ("DOE") revising the Department's uranium enrichment services criteria. Duke takes issue with the procedures followed by DOE in promulgating the rules, and challenges the particular aspects of the rules which (1) permit the agency to impose restrictions on the enrichment of uranium of foreign origin if "necessary to assure the maintenance of a viable domestic uranium industry," Uranium Enrichment Services Criteria, 10 C.F.R. § 762.3 (1987), and (2) authorize the recovery of prior unrecouped government costs associated with the provision of enrichment services to civilian customers. 10 C.F.R. § 762.6. DOE has moved to dismiss the petition on the grounds that this court is without jurisdiction and that the petition is not ripe for review.

For the reasons that follow, we agree that jurisdiction in this court is wanting. Instead of dismissing the appeal entirely, however, we will exercise our authority under 28 U.S.C. § 1631 (1982) and transfer the petition to the U.S. District Court for the District of Columbia, where jurisdiction properly lies.

The process of uranium enrichment involves the concentration of the isotope U–235 found naturally in uranium to permit the use of the material as nuclear fuel. Under the Atomic Energy Act, DOE is authorized to contract with public utility companies licensed to operate nuclear reactors to provide uranium enrichment services. 42 U.S.C. § 2201(v) (1982). The enrichment services criteria prescribe the terms and conditions under which DOE will enter into these contracts.

Until 1974, the enrichment services program was operated under the authority of the Atomic Energy Commission ("AEC").

Upon adoption of the Energy Reorganization Act of 1974, Pub.L. No. 93–438, 88 Stat. 1233 (1974), the program was transferred to the Energy Research and Development Administration ("ERDA"). Finally, in 1977, following adoption of the Department of Energy Organization Act, Pub. L. No. 95–91, 91 Stat. 565 (1977), the program came under the ambit of DOE, where it has remained.

Several statutory provisions bear on the question of the appropriate locus of jurisdiction for review of regulations involving programs originally under the dominion of the AEC. Under 42 U.S.C. § 7192(a) (1982), "[j]udicial review of [DOE] action taken under any law the functions of which are ... transferred ... to ... the Secretary ... shall ... be made in the manner specified in ... such law." If no provision specifies a particular forum for review, then the district court enjoys exclusive jurisdiction. 42 U.S.C. § 7192(b). Judicial review of certain functions originally exercised by the AEC is governed by the Administrative Orders Review Act (also known as the Hobbs Act), 28 U.S.C. § 2342(4) (1982). The Hobbs Act specifies that the court of appeals has exclusive jurisdiction to review all final orders of the AEC that are made reviewable by section 2239 of Title 42, originally enacted as section 189 of the Atomic Energy Act. Section 2239, in turn, makes reviewable final orders arising out of any "proceeding ... for the granting, suspending, revoking, or amending of any license or construction permit, ... [and] any proceeding for the issuance or modification of rules and regulations dealing with the activities of licensees." 42 U.S.C. § 2239 (1982).

Jurisdiction in this case thus turns on whether the enrichment services regulations are rules that "deal with" the activities of licensees. See *Florida Power and Light Co. v. Lorion*, 470 U.S. 729, 737, 105 S.Ct. 1598, 1603, 84 L.Ed.2d 643 (1985) (scope of initial court of appeals review defined "according to the subject matter of the [AEC] action"). In our view, they are not. The regulations at issue govern DOE's own uranium enrichment program. An enrichment program undertaken and administered by the Department is, in our

judgment, an activity of the Department itself, not of the licensees who may seek to take advantage of it.

A case from a sister circuit, *Quivira Mining Co. v. United States Environmental Protection Agency*, 728 F.2d 477 (10th Cir.1984), provides a clear example of the type of regulation that section 2239 was intended to encompass. In *Quivira*, the challenged regulation established the amount of radiation that nuclear licensees could lawfully discharge into the environment. *Id.* at 478. By directly regulating the actions of nuclear licensees, the regulation clearly "deal[t] with the activities of licensees." The regulations at issue here, in contrast, set forth the terms and conditions under which DOE provides enrichment services for civilian customers. It is the DOE enrichment services program that is the focus of the regulations, not the activities of licensees themselves. The case is as simple as that.

In sum, the regulations here do not "deal[ ] with the activities of licensees." 42 U.S.C. § 2239. By the express terms of the Atomic Energy Act, then, the case does not fall within our jurisdiction. Accordingly, the petition is transferred to the U.S. District Court for the District of Columbia. *See* 28 U.S.C. § 1631; 42 U.S.C. § 7192(b).

*It is so ordered.*